**IT IS SO ORDERED.**

**SIGNED THIS: June 19, 2007**

_____
**THOMAS L. PERKINS**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA, ILLINOIS

| | |
|---|---|
| IN RE<br><br>THE KEWANEE CORPORATION,<br>a Delaware corporation<br><br>           Debtor | Chapter 11<br>No. 07-80575 |

**ORDER APPROVING EMPLOYMENT OF**
**ALEX D. MOGLIA OF MOGLIA ADVISORS AS INVESTMENT BANKER**

The debtor's amended application to employ Alex D. Moglia of Moglia Advisors as its investment banker is heard and allowed, subject to the following:

1.  Moglia's fee shall be 12.5% of the gross selling price of the debtor's assets, plus reimbursement of his direct out-of-pocket expenses and his attorney's fees, in the aggregate not to exceed $10,000. Before the payment of any expenses, Moglia shall itemize same and obtain court approval, after notice and hearing.

[V6.0: 6-19-07]

1

2. For purposes of the calculation of Moglia's fee in paragraph 1 above, the gross selling price of the debtor's assets includes the amount of any debt assumed by a buyer of all or any part of the debtor's assets and the amount of any credit bid made by a secured creditor. However, should Community State Bank ("CSB") purchase any of the debtor's assets through a credit bid, Moglia will not receive a commission on CSB's purchase, but CSB will be responsible for paying Moglia's commission calculable as set forth in paragraph 1 above if CSB thereafter sells such asset to a buyer for which Moglia was procuring cause within a period of 12 months after the date CSB purchased such asset from the debtor.

3. Moglia and the debtor anticipate that the transaction will be a sale pursuant to §363 of the Bankruptcy Code, and that Moglia will use his best efforts to obtain an initial bid, commonly known as a "stalking horse bid," although the sale may be in one or more transactions, to one or more buyers and with or without the existence of a stalking horse bidder or bidders.

4. Should Moglia be unable to obtain a satisfactory stalking horse bid or bids by August 31, 2007, then the debtor may in its judgment seek to conduct a §363 sale without a stalking horse bid, and Moglia will still be entitled to receive his compensation set forth in paragraph 1 above based on the results of such sale. If Moglia's employment under this order is terminated before the consummation of a §363 sale, Moglia retains the right to seek reasonable compensation for his services to the extent of any benefit conferred upon the debtor, including under the doctrine of procuring cause. Such request for compensation shall be made upon application to the court.

2

[V6.0: 6-19-07]

5. Moglia's fees and expenses shall prime the liens and mortgages of CSB and Wells Fargo Bank, National Association, acting through its Wells Fargo Business Credit operating division (as successor by merger to Wells Fargo Business Credit, Inc.) ("Wells Fargo"). Moglia's fees shall be paid exclusively from the gross sale proceeds and the fees shall be allocated among CSB and Wells Fargo on a pro rata basis according to those assets of the debtor in which each has a first priority security interest or lien and the respective value allocated to such assets in the sale. To the extent the gross sale proceeds exceed the secured claims of CSB and Wells Fargo in the assets sold, Moglia's fees will first be paid from the unencumbered portion of the gross sale proceeds of such assets. Frederick L. Pipin, who has guaranteed debtor's obligations to Wells Fargo and CSB, approved in open court on June 14, 2007 the subordination of these creditors' obligations to the Moglia employment agreement, Mr. Pipin shall execute such further documents as either creditor may require to evidence his assent.

6. Moglia's percentage fee shall not apply to any collections of debtor's accounts receivable made by Wells Fargo; nor shall it apply to the sale by the debtor in the ordinary course of business of cash collateral (inventory, work in process, and raw materials) as to which Wells Fargo has a first perfected security interest, although Moglia's percentage fee shall apply to any such assets sold as part of a §363 sale.

7. Community State Bank is entitled to credit bid at any §363 sale involving property subject to its lien rights, and it is also entitled to object to any such sale.

8. Moglia shall not be entitled to any percentage fee or reimbursement for expenses unless some or all of the debtor's assets are sold; i.e., the sale of the assets triggers Moglia's commission and reimbursement of out-of-pocket expenses.

9. The creditors' committee may meet with Moglia at any reasonable times, including teleconferences. No creditor, including the creditors' committee or the U. S. Trustee, may make further objection to Moglia's percentage fee of 12.5% or the allowance not to exceed $10,000 which includes Moglia's direct out-of-pocket costs and Moglia's attorney's fees.

APPROVED:

/s/ Terry M. Giebelstein
Terry M. Giebelstein
Attorney for Community State Bank

/s/ Timothy Nixon
Timothy Nixon
Attorney for Wells Fargo

/s/ Barry M. Barash
Barry M. Barash
Debtor's Attorney

###